IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBRA GREEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-2512-C |
| | § | |
| DELTA AIRLINES, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## AGREED PROTECTIVE ORDER

Proceedings and Information Governed.

    1.    This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party, and it includes any non-party who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

Designation and Maintenance of Information.

    2.    For purposes of this Protective Order, the "Confidential Information" designation means that the document is comprised of or reflects trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(1)(G), sensitive personal or employment-related information regarding third parties, or other information required by law or agreement to be kept confidential, including identifiable information of third parties. Confidential Information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of

the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3. Documents and things produced during the course of this litigation within the scope of paragraph 2 above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

## CONFIDENTIAL INFORMATION

A party may designate information disclosed at a deposition as Confidential Information by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential Information. If no such designation is made at the deposition or within this fourteen (14) calendar day period (during which period, the transcript must be treated as Confidential, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate.**

4.      The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

**Challenge to Designations.**

5.      A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party will then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day time-frame, and after the conference required under LR 7.1(a), the receiving party may at any time thereafter seek an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

6.      Information designated as Confidential Information may only be used for purposes of preparation, trial, and appeal of this action. Confidential Information may not be used under any circumstances for prosecuting any patent application, for patent licensing, or for any other purpose.

7.      Subject to paragraph 8 below, Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) in-house counsel of the receiving party; (b) employees of the

receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions; (c) outside counsel for the receiving party; (d), supporting personnel employed by outside counsel such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (e) experts or consultants; (f) material witnesses; and (g) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

8. Further, prior to disclosing Confidential Information to a receiving party's proposed expert, consultant, or material witness, the receiving party shall procure a signed Confidentiality Agreement in the form attached as Exhibit A, which must be provided to the producing party within a reasonable period of time upon request.

9. Confidential Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

(b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(c) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**Non-Party Information.**

10. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents With the Court.**

11. If any party wishes to submit Confidential Information to the court, the submission must be filed only in a sealed envelope bearing the caption of this action and a notice in the following form:

**CONFIDENTIAL INFORMATION**
[caption]
**This envelope, which is being filed under seal,
contains documents that are subject to a Protective
Order governing the use of confidential discovery material.
No Prejudice.**

12. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Conclusion of Litigation.**

13. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information, and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

14. By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated Confidential pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies.**

15. It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

16. Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

SO ORDERED.

Dated May __4__, 2022.

_____
SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

| **THE SANFORD FIRM** | **MORGAN, LEWIS & BOCKIUS LLP** |
|---|---|
| /s/ Brian P. Sanford<br>Brian P. Sanford<br>Texas Bar No. 17630700<br>bsanford@sanfordfirm.com<br>Elizabeth "BB" Sanford<br>Texas Bar No. 24100618<br>esanford@sanfordfirm.com<br><br>1910 Pacific Ave., Suite 15400<br>Dallas, TX 75201<br>Ph: (214) 717-6653<br>Fax: (214) 919-0113 | /s/ Robert E. Sheeder<br>Robert E. Sheeder<br>State Bar No. 18174300<br>robert.sheeder@morganlewis.com<br>Lauren A. West<br>State Bar No. 24070831<br>lauren.west@morganlewis.com<br>Clayton M. Davis<br>State Bar No. 24092323<br>clayton.davis@morganlewis.com<br><br>1717 Main Street, Suite 3200<br>Dallas, Texas 75201<br>T: (214).466.4000<br>F: (214).466.4001 |
| **ATTORNEYS FOR PLAINTIFF** | **ATTORNEYS FOR DEFENDANT** |